UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HILDA CECILIA VILLEGAS ex rel. LISUAL
ARMANDO GUZMAN ANDUJAR,

                                  Petitioner,

                -against-

LaDEON FRANCIS, *in his official capacity as
Acting Field Office Director of New York
Immigration and Customs Enforcement*;
KRISTI NOEM, *in her official capacity as
Secretary of Homeland Security*; and PAM
BONDI, *in her official capacity as Attorney
General*,

                                  Respondents.

Case No. 1:25-cv-09199 (JLR)

**ORDER GRANTING PRO BONO
COUNSEL**

JENNIFER L. ROCHON, United States District Judge:

        WHEREAS Lisual Armando Guzman Andujar filed a petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2241 on November 4, 2025, through his next friend Hilda Cecilia Villegas

while Petitioner was present in the Southern District of New York;

        WHEREAS the Court issued an Order to Show Cause on November 4, 2025, and a hearing

is scheduled for November 14, 2025;

        WHEREAS Petitioner's reply to the Government's opposition to the petition is due on

November 11, 2025;

        WHEREAS the Court has considered the factors set forth in *Hodge v. Police Officers*, 802

F.2d 58, 60-62 (2d Cir. 1986) in deciding whether to seek *pro bono* counsel for Petitioner;

        WHEREAS the *Hodge* factors include: "(1) whether the party's claim has substantial merit;

(2) whether the nature of the factual issues requires an investigation, and whether the party's ability

to investigate is inhibited; (3) whether the claim's factual issues turn on credibility, which benefits

from the skills of those trained in presentation of evidence and cross-examination; (4) the party's

overall ability to present its case; and (5) whether the legal issues presented are complex." *Garcia v. USICE (Dept. of Homeland Sec.)*, 669 F.3d 91, 98-99 (2d Cir. 2011);

WHEREAS the Court finds that the *Hodge* factors weigh in favor of seeking *pro bono* counsel for Petitioner. Petitioner's abilities to present his case and conduct any related fact investigation are significantly limited due to his incarceration and the emergency nature of his habeas petition. Thus, in this case, representation would "lead to a quicker and more just result by sharpening the issues[.]" *Hodge*, 802 F.2d at 61;

IT IS HEREBY ORDERED THAT the Clerk of Court is directed to attempt to locate *pro bono* counsel to represent Petitioner in this case. It should be noted that the Court does not have the authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant *pro bono*. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301-10 (1989). If an attorney volunteers, the attorney will contact Petitioner, or his next friend, directly;

IT IS FURTHER ORDERED if Petitioner has already successfully secured counsel on his own, or otherwise does not wish the Court to seek volunteers for *pro bono* counsel, he must inform the Court by November 7, 2025; and

IT IS FURTHER ORDERED that the Clerk of the Court is directed to immediately e-mail a copy of this Order to the Petitioner in care of his next friend, Hilda Cecilia Villegas, at sesyfernandez26@gmail.com.

Dated: November 5, 2025
        New York, New York

                                        SO ORDERED.

                                        *Jennifer Rochon*
                                        _____
                                        JENNIFER L. ROCHON
                                        United States District Judge